This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Marlon Johnson, has appealed from his conviction for escape. We affirm.
On March 17, 1999, Defendant was indicted on one count of escape, in violation of R.C. 2921.34(A)(1). On May 10, 1999, Defendant pled no contest to the charge of escape. On August 9, 1999, Defendant was sentenced to two years of community control. Defendant timely appealed and has raised three assignments of error for review.
 ASSIGNMENT OF ERROR I [Defendant's] rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Sections 2, 5, 10 and 16 of the Ohio Constitution were violated when the trial court found [Defendant] guilty pursuant to a plea of "no contest" in the absence of the establishment of all of the essential elements of the offense of escape by the State of Ohio under O.R.C. § 2921.34(A)(1).
 In his first assignment of error, Defendant has argued that his conviction for escape is insufficient as a matter of law because the State failed to prove that he was under detention as required under the elements of R.C. 2921.34(A)(1). He has also argued that the State failed to establish venue. We disagree with both contentions.
Pursuant to R.C. 2921.34(A)(1):
 No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
R.C. 2921.01(E) defines "detention" to mean:
 arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371
[2945.37.1], 2945.38, 2945.39, 2945.40, 2945.401 [2945.40.1], or 2945.402 [2945.40.2] of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, "detention" includes time spent at an assigned work site and going to and from the work site.
 (Emphasis added.) R.C. 2967.28(F)(1) provides in part that "[i]f a post-release control sanction is imposed upon an offender under this section, the offender upon release from imprisonment shall be under the general jurisdiction of the adult parole authority and generally shall be supervised by the parole supervision section through its staff of parole and field officers."
The State indicated in its recitation of the facts before the court that on or about May 8, 1998, Defendant was released from Belmont Correctional Institution and granted post-release control. Further the State indicated that on or about December 17, 1998, Defendant purposely broke or failed to return to detention by failing to report to his parole officer. In light of the aforementioned statutes, there is sufficient evidence to establish that Defendant was on detention at the time when he failed to report to his parole officer, thereby committing the crime of escape.
Defendant has next argued that the State failed to establish venue because at trial it did not recite the location of where the act of escape took place. Accordingly, Defendant has argued that this Court must reverse his conviction because it is based upon insufficient evidence. We disagree.
Crim.R. 11(B)(2) states in part: "the plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint[.]" In this case, the indictment stated:
 The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, Do find and present, that the above named Defendant(s) [Marlon Johnson], in the County of Lorain, unlawfully on or about December 17, 1998, did, knowing that MARLON JOHNSON was under detention for a felony of the Third, Fourth, or Fifth degree or unclassified felony, or being reckless in that regard, purposely break or attempt to break detention, or purposely failed to return to detention, either from temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement, a violation of Section 2921.34(A) of the Ohio Revised Code, a Felony of the Third Degree, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.
 Defendant has argued that despite the fact that the indictment establishes venue, the State is required to recite the proper element of venue in its statement of the facts. However it has been previously found that, "[Defendant's] plea of no contest disposes of this issue; it is an admission of the proper venue." State v. Burke (Mar. 15, 2001), Fairfield App. No. 00CA42, unreported, 2001 Ohio App. LEXIS 1264, quoting State v. Ulrich (Feb. 12, 1990), Stark App. No. CA-7905, unreported, 1990 Ohio App. LEXIS 622. Therefore, based upon the indictment filed in this case and the facts presented to the trial court during the no contest plea, we find the trial court did not err in finding venue. Defendant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR II [Defendant's] rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Sections 2, 5, 10 and 16 of the Ohio Constitution were violated when [Defendant] was convicted of the offense of escape under O.R.C. § 2921.34(A)(1) because said statute is unconstitutional as applied herein.
 In his second assignment of error, Defendant has argued that his classification as being under detention for the purposes of R.C. 2921.34(A)(1) is unconstitutional because his detention status results from the application of R.C. 2967.28, a statute he alleges to be unconstitutional. He has argued that R.C. 2967.28 is unconstitutional because he alleges that it violates the separation of powers doctrine and denies an individual due process of law. We disagree.
In Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph on of the syllabus, the Supreme Court of Ohio held that "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." Accordingly, Defendant's second assignment of error is without merit.
 ASSIGNMENT OF ERROR III [Defendant's] rights under the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Sections 10 of the Ohio Constitution were violated when [Defendant] failed to receive the effective assistance of counsel.
 In his third assignment of error, Defendant has argued that he was denied effective assistance of counsel when his trial counsel failed to raise the constitutionality of the statute as a defense. We disagree.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674, 693. "First, the defendant must show that counsel's performance was deficient." Id. To meet this standard Defendant must be able to prove "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Id. Second, Defendant must establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Ohio Supreme Court set out a substantially similar standard in State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."
As noted above, the statute in question has, in fact, been determined to be constitutional by the Ohio Supreme Court. Accordingly, this Court will not find counsel's performance to be deficient where he did not challenge the constitutionality of said statute. Defendant's third assignment of error is without merit.
Defendant's first, second, and third assignments of error are overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
______________________________________ LYNN C. SLABY
BATCHELDER, P.J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.